### HERNÁNDEZ v. THE DISTRICT COURT.

#### APPLICATION for a writ of *certiorari*.

No. 71.—Decided April 12, 1911.

APPEAL FROM JUDGMENT RENDERED BY MUNICIPAL COURT—JURISDICTION.—When an appeal by both parties has been taken to the district court from a judgment of the municipal court said district court has jurisdiction to hold a new trial and to consider and decide all the issues involved in the allegations, even where the appeal by one of the parties should have been taken after the expiration of the term and be essentially defective.

CERTIORARI—ALLEGATIONS.—The circumstance that the defendant, in an amended answer, failed to reproduce the facts of the original counterclaim and confined himself merely to treating them as reproduced constitutes a defect of form the correction of which may be requested by the plaintiff in the court below; but should he waive this right, the issue of a writ of *certiorari* to obtain the review thereof does not lie.

The facts are stated in the opinion.

The petitioner appeared in his own behalf.

MR. JUSTICE ALDREY delivered the opinion of the court.

An application was filed in this Supreme Court by the petitioner herein requesting that a writ of *certiorari* be issued ordering the District Court of Mayagüez to send up the original record in the action prosecuted by him against Victor P. Martínez for the recovery of money, and reversing and vacating the judgment rendered by said district court on February 14, 1911, for the errors committed by said court, as alleged in his application.

The grounds set forth in the sworn application for the issuance of the writ of *certiorari* are as follows:

1. That after judgment herein had been rendered by the Municipal Court of Mayagüez, on September 6, 1910, the petitioner, who is the plaintiff in that action, appealed therefrom to the District Court of. Mayagüez on the 15th of the same month and year, notice of which appeal was on that day served upon the adverse party and was filed with the secretary of the municipal court.

2. That the defendant, Victor P. Martínez, also took an appeal, but filed the same on October 17, 1910—that is to say, when the 10 days allowed for the purpose after the rendition of the judgment had expired.

In the application no mention is made of the date when the judgment was entered by the secretary.

3. That defendant's appeal was filed with one Baeza, before whom it was sworn that notice thereof had been served upon the plaintiff, whereas the secretary of the municipal court was Abigail Crespo.

4. That having filed with the municipal court a motion to vacate the defendant's appeal for the foregoing reasons the same was overruled, and a motion for the dismissal of said appeal was likewise overruled by the District Court of Mayagüez.

5. That the answer to the complaint contained a counterclaim, but, the complaint having been amended, the defendant in his new answer confined himself, in regard to the counterclaim, to stating that he considered as reproduced therein the facts which he had set up in his original allegation with respect thereto.

He does not allege that he had prayed that the counterclaim thus drawn up be stricken out.

6. That the district court dismissed the complaint and sustained the counterclaim; and,

7. That said judgment is not appealable because the amount in controversy is less than $300.

In regard to the appeal of the defendant, even though it were filed after the expiration of the term and contained the defects pointed out in reference to the swearing of the notice and service thereof, no error would have been committed by the district court in trying the case *de novo* because the appeal of the plaintiff had been properly filed in due time, which fact gave the court jurisdiction of the case to try it anew and to hear and decide all the questions brought up by the allegations.

In regard to the other point, namely, that the amended answer did not reproduce the facts of the original counterclaim and confined itself to treating them as reproduced, it was a defect of form which the plaintiff could have requested the court to correct, but having waived that right he cannot now revive it.

The application for the writ of *certiorari* should be denied.

*Application denied.*

Chief Justice Hernández and Justices MacLeary, Wolf, and del Toro concurred.